SHARON *v.* SPALDING SCHOOL DISTRICT.

1. Schools and School Districts—Contract with Superintendent.
   School board's contract with superintendent whereby latter was employed for 5-year term at an increase of $200 per year over previous 3-year contract which yet had 1 year to run *held,* to have been executed by the board within the limits of reasonableness and good faith.

2. Same—Contract with Superintendent—Addendum—Meeting of Board.
   Proposed addendum to contract with superintendent, had no effect in law, where the addendum was not executed by the school board at a meeting thereof (CL 1948, § 355.1).

3. Same—Contract with Superintendent—Breach by Board.
   Contract with plaintiff superintendent for 5-year term, duly executed by school board at a meeting, which had been executed a year before end of term of previous contract, and which abrogated same, *held,* a complete contract that fully covered the entire subject matter between the parties, hence, school board was liable for its breach by not permitting him to serve after lapse of 1 year under the 5-year contract (CL 1948, § 355.1).

Appeal from Menominee; Wright (Robert R.), J., presiding. Submitted October 2, 1962. (Calendar No. 10, Docket No. 48,688.) Decided June 3, 1963.

Assumpsit by William J. Sharon against Spalding Township School District No. 1 for salary under breached employment contract. Judgment for plaintiff. Defendant appeals. Affirmed.

*Strom & Hoehn,* for plaintiff.

*Doyle & Doyle* and *McGinn & Fitzharris,* for defendant.

Smith, J. As former superintendent of schools for the defendant district, plaintiff brought this

---

References for Points in Headnotes
[1–3] 47 Am Jur, Schools §§ 48–55.

action for breach of a 5-year employment contract.* Plaintiff began his duties as superintendent in 1946. In 1951 he entered into a 3-year contract which was to terminate July 1, 1954. At a meeting May 1, 1953, especially called to pass upon "the hiring of teachers for the ensuing year", the school board voted to re-engage plaintiff for a 5-year term, although he still had 1 year to run on his old contract. A regular meeting of the school board was held on June 4, 1953. At this meeting the new 5-year contract was executed by a majority of the members of the school board on the one hand, and plaintiff on the other. The new 5-year contract was virtually the same as the old 3-year contract except in 2 particulars: first, it was to commence July 1, 1953, and continue to July 1, 1958; second, it provided for an increase in the annual salary of the superintendent from $5,400 a year to $5,600 a year. A separate exhibit showed that an attempt was made to amend the new 5-year contract by adding a clause providing that in the event of breach of the agreement by the school district the superintendent would be entitled to full compensation to July 1, 1958, termination date of the contract. Although the addendum purportedly was signed June 4, 1953, it was admitted by all who took part that it was signed, in fact, at some later date, and not on June 4th. The evidence shows that this addendum was never presented at a school board meeting.

On July 13, 1953, a school board election was held and 2 of the board members who voted for and signed the new 5-year contract were defeated. At the August 6, 1953, meeting of the school board, by majority vote, the board resolved that it would

---

* The statute has since been amended to limit the term of a superintendent in such case to not more than 3 years. PA 1955, No 269, § 66, as amended by PA 1958, No 110 (CL 1948, § 340.66 [Stat Ann 1959 Rev § 15.3066]).

follow the old 3-year contract and ignore the new 5-year contract as being "null and void."

Having elected to follow the old 1951–1954 contract, the board resolved at its April 27, 1954, meeting to terminate the services of plaintiff on July 1, 1954. Although plaintiff duly tendered his services after the July 1st date, he was not permitted to serve. For 2 years thereafter he was unable to obtain employment, but thereafter secured a position as superintendent in another school distict. This action was brought to recover the loss of salary sustained during the 2 years of unemployment. The case was tried to the court without a jury and the trial judge found in favor of plaintiff.

Appellant school district contends that there was no new 5-year contract because plaintiff never accepted the precise offer of defendant, as shown, it says, by the proposed addendum which was signed some time after the execution of what has been referred to as the "new 5-year contract." Appellant also claims that the trial court erred in finding that the alleged contract was made within the limits of reasonableness and in good faith; also that the court erred in finding that the powers of the board in engaging the superintendent under the new contract were exercised with "reasonable necessity."

Appellant also claims that the trial court erred because it did not recognize and apply the law as stated in *Davis* v. *Public Schools of Escanaba,* 175 Mich 105. Admittedly that case arose out of a similar fact situation. It was an action by a deposed school superintendent for breach of contract. Having served only briefly in a new 1-year contract, the superintendent entered into a new 3-year contract with the board. Shortly afterwards 2 retiring members of the board were replaced by new members. The newly constituted board terminated the services of the superintendent. A directed verdict for de-

fendant board was reversed by this Court. We held that whether the school board was acting in good faith and whether tenure and salary were reasonable were questions for the jury. Mr. Justice Os-trander, writing for a unanimous Court, said (p 118):

"I am of opinion that the limits, and only limits, to the exercise of the power of the board to employ a superintendent of schools are those fixed by reasonableness and good faith."

In the instant case the trial judge found explicitly that term and salary were reasonable and that the board members acted in good faith. The contention that the trial judge did not apply the principles in the *Davis Case* is not well founded.

We are not able to agree with the contention of the school district that the proposed addendum to the new 5-year contract had effect in law. The record discloses that although the new contract was voted upon in the May 1, 1953, meeting, and executed by all parties in the June 4, 1953, meeting, the proposed addendum, which was undeniably executed at a later date, was never adopted according to the requirements of the statute.

The applicable statute at that time was CL 1948, § 355.1 (Stat Ann 1953 Rev § 15.437):

"All business which the district board or board of education is authorized to perform shall be done at a meeting of said board and no act shall be valid unless voted at a meeting of the board by an affirmative vote of a majority thereof and a proper record made of such vote."

It is also clear that the new 5-year contract was an abrogation of the old 3-year contract. It was a complete contract and fully covered the entire subject matter between the parties. *Kintz* v. *Galvin,* 219 Mich 48, 52.

The judgment of the trial court is affirmed. Costs to appellee.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, and SOURIS, JJ., concurred.

O'HARA, J., took no part in the decision of this case.